## Selden et al. v. Baird

*T. P. Dunn,* for plaintiffs.
*Brooks, Curtze and Silin,* for defendant.

EVANS, P. J., March 27, 1947.—This action in assumpsit is before us on an affidavit of defense raising questions of law.

From the statement of claim and the exhibits attached thereto we find that during the month of December 1945 plaintiffs negotiated with defendant to rent from him for the sum of $125 per month the first floor of 349 West 6th Street, Erie, Pa., together with a two-car garage. A written lease beginning January 1, 1946, and concluding April 1, 1951, was submitted by

defendant to plaintiffs but was never executed. Defendant did, however, register the property at the Office of Price Administration, rent division, at Erie, Pa., at the aforementioned rental amount, and received payment according to the terms of the unsigned lease until May 1946 when plaintiffs decided to purchase other property and vacated these premises. Defendant landlord, however, refused his consent to a transfer of any lease to other tenants until plaintiffs had paid him the sum of $1,932, being the amount which he contended was for alterations and additions not necessary for the proper use of the premises at the agreed rental but which were made under a separate contract at plaintiffs' request for installations particularly desirable to them under their long term lease. This sum was paid by plaintiffs and they were given a full release from this obligation as well as for further rent. This action is to recover $1,932 claimed to be an illegal charge of rent.

Paragraph 19 of the statement of claim avers that plaintiffs never did offer or agree to pay for the alterations in addition to rent but did have "certain loose conversations" indicating a willingness to pay for minor repairs which in no event could have exceeded the sum of $200. Plaintiffs claim that, even if promised, any agreement to pay for such repairs was unenforcible and illegal because such an agreement was forbidden by the Federal Emergncy Price Control Act of January 30, 1942, 56 Stat. at L. 23, and its amendments. Defendant contends that plaintiffs' settlement of the amount claimed was voluntary and therefore binding and conclusive upon them. It is further contended that the sum in dispute was not rent. The Price Control Act, 50 U. S. C., War App., §906, et seq., makes provision for the recovery by the tenant of rents paid in violation of regulations under said act. Therefore, insofar as there may be a violation of the act, the law of Pennsylvania relative to money voluntarily paid

in settlement of this dispute is not applicable. If the sums demanded and received by defendant constitute part of the consideration for use or occupancy of the premises the action is well founded. As defined by said act, rent means the consideration including any bonus, benefit or gratuity demanded or received for or in connection with the use or occupancy of housing accommodations or in the transfer of a lease of such accommodations.

The question in this case is as to whether or not the amount demanded and received for alterations and additions to the premises was part of the consideration for use and occupancy. If a tenant is satisfied to rent premises for a fixed amount and, for his own convenience and comfort, asks the landlord to make, and agrees to pay for, additions and alterations, we find nothing in the Federal Price Control Act which will prevent collection for the cost thereof. If, however, under the guise of making additions or alterations, excess rent is collected contrary to law, such excess can be recovered.

There are several items making up the total of $1,932 claimed, and plaintiffs in their statement admit having agreed to pay for at least a part of them. In order that the issue may be squarely presented in the pleadings, plaintiffs should make positive averments with respect to the various items included in the amount sought, specifying therein those for which plaintiffs did promise to make payment and those for which plaintiffs made no agreement to pay.

We will treat the affidavit of defense raising questions of law as a preliminary objection under Pa. R. C. P. 1028, effective January 1, 1947.

And now, to wit, March 27, 1947, the affidavit of defense raising questions of law is sustained, and plaintiffs are required to amend the statement in accordance with the foregoing within 15 days.